# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **CRAIG ADAM MUMMA,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **No.  3:25-CV-00459-LS** |
| | § | |
| **FORT BLISS, F.B.I., D.H.S., EL PASO;** | § | |
| **E.P.P.D., SUTTON COUNTY** | § | |
| **SHERIFF'S OFFICE,** | § | |
| | § | |
| *Defendants*. | § | |

## DISMISSAL ORDER

*Pro se* Petitioner Craig Adam Mumma sues Defendants for various criminal and civil rights violations against him.

## I.    PROCEEDING *IN FORMA PAUPERIS*.

The Court grants Plaintiff's motion to proceed *in forma pauperis* because he represents that he has no money in any checking or savings account.[1]

## II.    LEGAL STANDARDS.

A plaintiff proceeding *in forma pauperis* is subject to screening under 28 U.S.C. § 1915(e)(2)(B). The statute provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.[2]

---

[1] ECF No. 1 at 2.
[2] 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact.[3] The dismissal standards for failure to state a claim are the same under § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(b)(6).[4] A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face if it is to survive a motion to dismiss.[5] The complaint need not contain "detailed factual allegations" but must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[6]

Courts must consider the allegations in a *pro se* plaintiff's complaint liberally.[7] *Pro se* status does not, however, afford a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."[8]

## III.    ANALYSIS.

Of Plaintiff's twenty-nine claims, twenty-five arise under state or federal criminal law.[9] These claims fail because a private individual does not have a general cause of action under criminal statutes.[10] Plaintiff's remaining claims concern intercepted communications and privacy breaches, but he does not explain who is responsible for which violations, and many of the factual allegations are too vague to state a plausible claim for relief.

---

[3] *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).
[4] *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002).
[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[7] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[8] *Farguson v. MBank Houston*, N.A., 808 F.2d 358, 359 (5th Cir. 1986).
[9] Counts 1–10, 12–15, 17–24, 26–27, and 29. *See* ECF No. 1-5 at 9–10.
[10] *See Tummel v. Milane*, No. 7:18-cv-339, 2019 WL 366708, at *6 (S.D. Tex. Jan. 30, 2019), *aff'd*, 787 F. App'x 226 (5th Cir. 2019).

## IV.    LEAVE TO AMEND.

Courts ordinarily grant *pro se* parties leave to amend a complaint before dismissing a case unless the claimant has already pled his "best case."[11] Plaintiff cannot sue under criminal statutes that do not create a private cause of action, so amending those claims would be futile.[12] Plaintiff may amend his complaint to factually support his remaining constitutional and Electronic Communications Privacy Act claims.

## IV.    CONCLUSION.

The Court **GRANTS** Petitioner's motion to proceed *in forma pauperis* and **DISMISSES** his complaint as frivolous. Plaintiff shall file any amended pleading by **April 30, 2026**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on April 10, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[11] *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009).
[12] *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000) ("[W]e join our sister circuits that have interpreted [futility] to mean that the amended complaint would fail to state a claim upon which relief could be granted.").